*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re Catherine Gibbons

Case No. 17-10067

Chapter 13

Debtor(s)

# CHAPTER 13 PLAN

*Check one.* This Plan is:

☐ Original

☑ Sixth Amended *(Identify First, Second, Third, etc.)*

☐ Postconfirmation *(Date Order Confirming Plan Was Entered: )*

Date this Plan was filed: Jun 19, 2018

## PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor.** | ☑ Included | ☐ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3).** | ☑ Included | ☐ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |

# PART 2: PLAN LENGTH AND PAYMENTS

**A. LENGTH OF PLAN:**

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i)

☑ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii)

☐ Months pursuant to 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

**B. PROPOSED MONTHLY PAYMENTS:**

| | Monthly Payment Amount | Number of Months |
|---|---|---|
| + - | 1,685.00 | 46 |
| + - | 1,827.50 | 14 |

**C. ADDITIONAL PAYMENTS:**

*Check one.*

☑ None. *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

☐ **The Debtor(s) will make additional payment(s) to the Trustee, as specified below.** *Set forth the amount, source (e.g., lump sums from sales/refinances, tax refunds), and date of each payment.*

| | Additional Payment Amount | Source | Date of Payment |
|---|---|---|---|
| + - | | | |

**Total amount of Payments to the Trustee [B+C]:** $

*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

# PART 3: SECURED CLAIMS

☐ **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

**A. CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*

☑ **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in 1 and/or 2 below.**

*Complete 1 and/or 2.*

**(1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN**

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)

Address of the Principal Residence: 99 Sumner Street, Milton, MA 0286

The Debtor(s) estimates that the fair market value of the Principal Residence is: $ 599,000.00

| | Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | Amount of Arrears |
|---|---|---|---|
| + - | Wells Fargo Bank | First Mortgage | $80,858.36 |
| + - | | | |
| + - | | | |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $ 80,858.36

(b) Secured Claim(s) (Other)

| | Name of Creditor | Type of Claim | Description of Collateral (*or address of real property*) | Amount of Arrears |
|---|---|---|---|---|
| + - | | | | |

Total prepetition arrears on Secured Claim(s) (Other): $ 80,858.36

**Total prepetition arrears to be paid through this Plan [(a) + (b)]: $** 80,585.36

**(2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):**

Contractual installment payments are to be paid directly by the Debtor(s) to the creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| | Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|---|
| + - | Wells Fargo Bank | First Mortgage | 98 Sumner Street, Milton, MA |

**B. MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☐ **None**. *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*

☑ **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below.** *Complete 1, 2, and/or 3 below.*

**(1)REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:**

☐ **None**. *If "None" is checked, the rest of Part 3.B.1 need not be completed and may be deleted from this Plan.*

***The following Plan provisions of Part 3.B.1 are effective only if the box "Included" in Part 1, Line 1.1 is checked.***

The Debtor(s) requests that the Court determine the value of the lien of the following secured claim(s). For each secured claim listed below, the Debtor(s) states that the amount of the secured claim is as set out in the column headed "Secured Claim Amount." For each listed claim, the allowed amount of the secured claim will be paid in full with interest at the rate stated below, and the creditor will retain its lien to the extent of the value of the lien securing the creditor's allowed secured claim.

Unless the Court orders otherwise, the amount of a modified secured claim held by a nongovernmental creditor, as described in this Plan and treated below, is binding on the creditor and the Debtor(s) upon confirmation of this Plan, even if the creditor has filed a Proof of Claim setting forth a different amount.

Unless the Court orders otherwise, the amount of a secured claim of a governmental unit listed in an allowed Proof of Claim controls over any contrary amount listed below. The amount of a secured claim of a governmental unit may NOT be determined through this Plan.

An allowed claim of a creditor whose claim is secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the creditor's interest, and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of the allowed claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim in Part 5 of this Plan. If the secured claim amount is listed below as having NO value, the creditor's allowed claim will be treated in its entirety as an unsecured claim in Part 5 of this Plan.

*In the description of collateral, include the registry of deeds/land court recording information for any real property for which you are modifying a secured claim.*

| | Name of Creditor | Description and Value of Collateral | Secured Claim Amount | Amount of Senior Liens | Interest Rate | Total Claim |
|---|---|---|---|---|---|---|
| + - | Wells Fargo Dealer Services | 2008 Lexus | 7,533.00 | 14,352.41 | 6.99 | 8,429.00 |

**Total Claim(s) under Part 3.B.1 to be paid through this Plan: $** 8429.00

**(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

☑ **None.** *If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.*

This section includes any claim(s) that was either (i) incurred within 910 days before the petition date and secured by a purchase-money security interest in a motor vehicle acquired for the personal use of the Debtor(s) or (ii) incurred within one year of the petition date and secured by a purchase-money security interest in any other thing of value. Such claim(s) will be paid in full through this Plan with interest at the rate stated below. Unless the Court orders otherwise, the claim amount stated on an allowed Proof of Claim controls over any contrary amount listed below.

*If you are treating the claim in Part 3.B.1 or 3.B.3, you should not include the claim in this section.*

| | Name of Creditor | Description of Collateral | Secured Claim Amount | Interest Rate | Total Claim |
|---|---|---|---|---|---|

| | Name of Creditor | Description of Collateral | Secured Claim Amount | Interest Rate | Total Claim |
|---|---|---|---|---|---|
| + - | | | | | |

**Total Claim(s) under Part 3.B.2 to be paid through this Plan: $**

**(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

☐ **None.** *If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.*

***The following Plan provisions of Part 3.B.3 are effective only if the box "Included" in Part 1, Line 1.2 is checked.***

The judicial lien(s) and/or nonpossessory, nonpurchase-money security interest(s) securing the claim(s) listed below impairs exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b).

Subject to 11 U.S.C. § 349(b), a judicial lien or nonpossessory, nonpurchase-money security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the Order confirming this Plan. The amount of the judicial lien or nonpossessory, nonpurchase-money security interest that is avoided will be treated as a nonpriority unsecured claim in Part 5 if a Proof of Claim has been filed and allowed. The amount, if any, of the judicial lien or nonpossessory, nonpurchase-money security interest that is not avoided will be paid in full as a secured claim under this Plan provided a Proof of Claim is filed and allowed.

*For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall include the information below. The Debtor(s) also shall complete the chart set forth in Exhibit 3 to this Plan and shall attach to Exhibit 3 a true and accurate copy of the document evidencing such judicial lien as filed or recorded with filing or recording information included. The Debtor(s) shall include the evidentiary basis for the valuation asserted. For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall provide a proposed form(s) of order as Exhibit 4 conforming to Official Local Form 21A. If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table in Exhibit 3 for each lien, and identify the tables as Exhibit 3.1, 3.2, etc.*

*The claim(s) identified below must also be set forth in Exhibit 3.*

| | Name of Creditor | Exhibit Table (*e.g., 3.1, 3.2, 3.3*) |
|---|---|---|
| + - | Capitol One | 3.1 |
| + - | Orchard Hill Office Park LLC | 3.1 |

**Total Claim(s) under Part 3.B.3 to be paid through this Plan: $**

**C. SURRENDER OF COLLATERAL:**

*Check one.*

☑ **None**. *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

☐ **The Debtor(s) elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) requests that, upon confirmation of this Plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed unsecured claim(s) resulting from the disposition of the collateral will be treated in Part 5 of this Plan.**

| | Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|---|
| + - | | | |

## PART 4: PRIORITY CLAIMS

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☐ **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

**A. DOMESTIC SUPPORT OBLIGATIONS:**

| | Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|---|
| + - | | | |

**B. OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| | Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|---|
| + - | | | |

**Total Priority Claim(s) (except Administrative Expenses) to be paid through this Plan [A + B]: $**

**C. ADMINISTRATIVE EXPENSES:**

**(1) ATTORNEY'S FEES:**

| | Name of Attorney | Attorney's Fees |
|---|---|---|
| + - | | |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

**(2) OTHER (*Describe*):**

| |
|---|
| |

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1 ) + (2)]: $**

**(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5: NONPRIORITY UNSECURED CLAIMS

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*

☐ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☑ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ 3,492.00 , which the Debtor(s) estimates will provide a dividend of 2.5 %.

☐ Fixed Percentage: each creditor with an allowed claim shall receive no less than 0.00 % of its allowed claim.

**A. GENERAL UNSECURED CLAIMS:** $ 100,606.89

**B. UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| | Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|---|
| + - | Wells Fargo Dealer Services | Automobile Loan | 6,818.41 |
| + - | Orchard Hill Office Park LLC | Judgment Lien | 14,666.43 |
| + - | Capitol One | Judgment Lien | 2,757.44 |

**C. NONDISCHARGEABLE UNSECURED CLAIMS (*e.g., student loans*):**

| | Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|---|
| + - | Mohela/Dept. Education | Student Loans | 17,373.00 |

**D. CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| | Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|---|
| + - | | | |

**E. TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

**The amount paid to any nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.**

**Total Nonpriority Unsecured Claims [A + B + C + D]: $** 142,222.17

*Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount:* **$** 0.00

**F. SEPARATELY CLASSIFIED UNSECURED CLAIMS (*e.g., co-borrower*):**

| | Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basics of Separate Classification |
|---|---|---|---|---|---|
| + - | | | | | |

**Total of separately classified unsecured claim(s) to be paid through this Plan: $**

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

☐ **The executory contract(s) and unexpired leases listed are assumed and will be treated as specified below. Any other executory contract(s) and/or unexpired lease(s) is rejected. Postpetition contractual payments will be made directly by the Debtor(s). Arrearage payments will be disbursed by the Trustee.**

**A. REAL PROPERTY LEASES:**

| | Name of Creditor | Lease Description | Arrears |
|---|---|---|---|
| + - | | | |

**B. MOTOR VEHICLE LEASES:**

| | Name of Creditor | Lease Description | Arrears |
|---|---|---|---|
| + - | | | |

**C. OTHER CONTRACTS OR LEASES:**

| | Name of Creditor | Lease Description | Arrears |
|---|---|---|---|
| + - | | | |

**Total amount of arrears to be paid through this Plan: $**

## PART 7: POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8: NONSTANDARD PLAN PROVISIONS

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*

☐ **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

***The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.***

## PART 9: SIGNATURES

By signing this document, the Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

/s/ Catherine Gibbons
Debtor

Jun 19, 2018
Date

Joint Debtor

Date

/s/Elton Watkins III
Signature of attorney for Debtor(s)

Jun 19, 2018
Date

Print name:
BBO Number (if applicable): 517400
Firm Name (if applicable):
Address: 13040 Amberley Court
Address (line 2):
Telephone: 978-500-9659
E-mail Address: watkinslaw@comcast.net

The following Exhibits are filed with this Plan:

☑ **Exhibit 1: Calculation of Plan Payment***
☑ **Exhibit 2: Liquidation Analysis***
☑ **Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)****
☑ **Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption****

| | *List additional exhibits if applicable.* |
|---|---|
| + - | |

**Denotes a required Exhibit in every plan*
***Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.*

**Total number of Plan pages, including Exhibits:**

## EXHIBIT 1
## CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | **$ 89287.36** |
| b) | Priority claims (Part 4.A and Part 4.B Total): | **$ 0** |
| c) | Administrative expenses (Part 4.C.1 and Part 4.C.2 Total): | **$ 0** |
| d) | Nonpriority unsecured claims (Part 5.E Total): | **$ 3,492.00** |
| e) | Separately classified unsecured claims (Part 5.F Total): | **$ 0** |
| f) | Executory contract/lease arrears claims (Part 6 Total): | **$ 0** |
| g) | Total of (a) +(b) + (c) + (d) + (e) + (f): | **$ 92,779.36** |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | **$ 103,088.17** |
| i) | Divide (h), Cost of Plan, by term of Plan, months: | $ |

| j) | Round **up** to the nearest dollar amount for Plan payment: | $ |
|---|---|---|

***If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following:***

| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | **$ 25,585.00** |
|---|---|---|
| l) | Subtract line (k) from line (h) and enter amount here: | **$ 77,503.17** |
| m) | Divide line (l) by the number of months remaining ( 46 months): | **$ 1,684.85** |
| n) | Round **up** to the nearest dollar amount for amended Plan payment: | **$ 1,685.00** |

Date the amended Plan payment shall begin: 5/7/2018

## EXHIBIT 2
## LIQUIDATION ANALYSIS

### A. REAL PROPERTY

| | **Address** (*Sch. A/B, Part 1*) | **Value** (*Sch. A/B, Part1*) | **Lien** (*Sch. D, Part 1*) | **Exemption** (*Sch. C*) |
|---|---|---|---|---|
| + - | 98 Sumner St., Milton, MA | $599,000.00 | $468,742.84 | $130,257.16 |

| | |
|---|---|
| **Total Value of Real Property** (*Sch. A/B, line 55*): | **$ 599,000.00** |
| **Total Net Equity for Real Property** (*Value Less Liens*): | **$ 130,257.16** |
| **Less Total Exemptions for Real Property** (*Sch. C*): | **$ 130,257.16** |
| **Amount Real Property Available in Chapter 7:** | **$ 0.00** |

### B. MOTOR VEHICLES

| | **Make, Model and Year** (*Sch. A/B, Part 2*) | **Value** (*Sch. A/B, Part 2*) | **Lien** (*Sch. D, Part 1*) | **Exemption** (*Sch. C*) |
|---|---|---|---|---|
| + - | 2008 Lexus | $7,733.00 | $7,533.00 | $0.00 |

| | |
|---|---|
| **Total Value of Motor Vehicles** (*Sch. A/B, line 55*): | **$ 7,533.00** |
| **Total Net Equity for Motor Vehicles** (*Value Less Liens*): | **$ 0.00** |
| **Less Total Exemptions for Motor Vehicles** (*Sch. C*): | **$ 0.00** |
| **Amount Motor Vehicle Available in Chapter 7:** | **$ 0.00** |

**C. ALL OTHER ASSETS** *(Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)*

| | Asset | Value | Lien (*Sch. D, Part 1*) | Exemption (*Sch. C*) |
|---|---|---|---|---|
| + - | Household Goods | $2,000.00 | 0.00 | $2,000.00 |
| + - | Bank Accounts | $100.00 | 0.00 | $100.00 |
| + - | Clothing | $1,000.00 | 0.00 | $1,000.00 |
| + - | Jewelry | $200.00 | 0.00 | $200.00 |
| + - | Electronics | $1,000.00 | 0.00 | $1,000.00 |
| + - | Claim Against Ishmael Roach | Unknown | | |
| + - | Claim Against Taking Johns | Unknown | | |
| + - | Claim Against Andre Joseph | Unknown | | |

| | |
|---|---|
| **Total Value of All Other Assets:** | **$ 4,300.00** |
| **Total Net Equity for All Other Assets** (*Value Less Liens*): | **$ 4,300.00** |
| **Less Total Exemptions for All Other Assets:** | **$ 4,300.00** |
| **Amount of All Other Assets Available in Chapter 7:** | **$ 0.00** |

**D. SUMMARY OF LIQUIDATION ANALYSIS**

| **Amount available in Chapter 7** | **Amount** |
|---|---|
| A. Amount of Real Property Available in Chapter 7 (*Exhibit 2, A*) | **$ 0.00** |
| B. Amount of Motor Vehicles Available in Chapter 7 (Exhibit 2, B) | **$ 0.00** |

| C. Amount of All Other Assets Available in Chapter 7 *(Exhibit 2, C)* | **$ 0.00** |
|---|---|

**TOTAL AVAILABLE IN CHAPTER 7: $ 0.00**

**E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:**

**EXHIBIT 3**
**TABLE FOR LIEN AVOIDANCE UNDER**
**11 U.S.C. § 522(f)**

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| **Information Regarding Judicial Lien or Security Interest** | | |
|---|---|---|
| Name of Debtor(s):* | Catherine Gibbons | |
| Name of Creditor: | Orchard Hill Office Park, LLC | |
| Collateral: 98 Sumner Street, Milton MA | | |
| Lien Identification:** (Such as judgment date, date of lien recording, book and page number.) | Norfolk County R/D<br>Book 28608, Page 567 | |

| **Calculation of Lien Avoidance** | |
|---|---|
| (a) Amount of lien: | **$ 14,666.43** |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | **$ 468,742.84** |
| (c) Value of claimed exemptions: | **$ 500,000.00** |
| (d) Total (a), (b), and (c): | **$ 983,409.27** |
| (e) Value of interest in property of the Debtor(s):*** | **$ 130,257.16** |
| (f) Subtract (e) from line (d):<br>Extent of exemption impairment: (*Check applicable box below*) | **$ 853,152.11** |
| ☑ The entire lien is avoided as (f) is equal to or greater than (a). The entire lien is avoided.). *(Do not complete the next section.)* | |

☐ A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*)

| **Treatment of Remaining Secured Claim** | | |
|---|---|---|
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | $ | |
| Interest Rate (if applicable): | % | |
| Monthly payment on secured claim | $ | |
| Estimated total payment on secured claim | $ | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | ☐ Individual Debtor | ☐ Joint Debtors |
| | Name: | |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): | | |

**EXHIBIT 4**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re: Catherine Gibbons

Case No. 17-10067

Chapter 13

Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION***

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of Orchard Hill Office Park, LLC [name of creditor] pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of Orchard Hill Office Park, LLC [name of creditor] recorded on Feb. 17, 2011 [date] at Norfolk County Registry of Deeds [registry or recording authority, as applicable] at Book 28608, Page 567 [book, page, certificate number, or filing number reference] impairs the Debtor(s)' exemption in 98 Sumner Street, Milton, MA [address of property or other description] (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

By the Court,

______________________________________
United States Bankruptcy Judge

**This Exhibit may be modified to address each lien listed in Table*

8389

25 – MASSACHUSETTS QUITCLAIM DEED SHORT FORM (INDIVIDUAL) 729

62243

Address of property: 98 Sumner Street, Milton, MA 02186

I, MONIKA M. HOLBROOK,

of 31 Burnham Road, West Newton, Middlesex County, Massachusetts,

*being unmarried*, for consideration paid, and in full consideration of $245,000.00

grant to JOSEPH GIBBONS and CATHERINE GIBBONS, husband and wife, as tenants by the entirety,

of 59 Lorna Road, Mattapan, Suffolk County, Massachusetts with quitclaim covenants

[Description and encumbrances, if any]

A certain parcel of land with the buildings thereon on Sumner Street, in said Milton, Norfolk County, Massachusetts, being shown as Lot 19 on a plan entitled "Temple Garden Estates, Subdivision of Land, Sumner Street Ext., Milton, Mass.," by L.W. DeCelle Surveyors Inc., dated August 13, 1958, and recorded with Norfolk Registry of Deeds as Plan No. 874 of 1959, in Plan Book 207, and more particularly bounded and described as follows:

SOUTHWESTERLY by Sumner Street, 120 feet;

SOUTHEASTERLY by Lot 20, on said plan, 171. 16 feet;

NORTHEASTERLY by land now or formerly of Parkway Development Company, 120.01 feet; and

NORTHWESTERLY by Lot 18, on said plan, 169.83 feet.

Containing 20,384 square feet of land, according to said plan.

Said premises are conveyed subject to easements for water pipes in street, recorded with said Deeds, Book 4053, Page 324, sewer and drain pipes in street, recorded in Book 4056, Page 118 and street taking recorded in Book 4060, Page 342.

Being the same premises conveyed to me by deed of Jeffrey Holbrook and myself dated June 16, 1980 and recorded in Norfolk Registry of Deeds Book 5745, Page 463.

'89 AUG -3 AM 9:02 RECEIVED RECORDED

RECORDED NORFOLK COUNTY REGISTRY OF DEEDS BOOK 8389 PAGE 729 ATTEST: BARRY T. HANNON, REGISTER

CANCELLED AUG -3 1989 NORFOLK EXCISE TAX

Witness my hand and seal this 2nd day of August, 1989

Monika M. Holbrook
MONIKA M. HOLBROOK

**The Commonwealth of Massachusetts**

Norfolk, ss. August 2, 1989

Then personally appeared the above named Monika M. Holbrook and acknowledged the foregoing instrument to be her free act and deed, before me

Paul M. Doyle
Paul M. Doyle, Esq. Notary Public
My commission expires 1/7 1994

14

RECORDING REQUESTED BY:
WORLD SAVINGS BANK

WHEN RECORDED MAIL TO:
WORLD SAVINGS BANK
FINAL DOCUMENTATION
CLOSING DEPARTMENT
P.O. BOX 659548
SAN ANTONIO, TX 78265-9548

LOAN NUMBER: 0045717857

NOTE AMOUNT: $496,000.00

Bk 24729 Pg264 #42477
04-23-2007 & 10:47a

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
William P. O'Donnell
WILLIAM P. O'DONNELL, REGISTER

FOR RECORDER'S USE ONLY

98 Sumner Street, Milton

# MORTGAGE

**THIS IS A FIRST MORTGAGE WHICH SECURES A NOTE WHICH CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, FREQUENCY AND AMOUNT OF PAYMENTS AND PRINCIPAL BALANCE (INCLUDING FUTURE ADVANCES AND DEFERRED INTEREST). AT LENDER'S OPTION THE SECURED NOTE MAY BE RENEWED OR RENEGOTIATED. THE SECURED NOTE PROVIDES FOR BIWEEKLY PAYMENTS OF PRINCIPAL AND INTEREST.**

**THE MAXIMUM AGGREGATE PRINCIPAL BALANCE SECURED BY THIS MORTGAGE IS $620,000.00 WHICH IS 125% OF THE ORIGINAL PRINCIPAL NOTE AMOUNT.**

## I. DEFINITIONS OF WORDS USED IN THIS MORTGAGE

**(A) Security Instrument.** The Mortgage, which is dated **April 12, 2007** will be called the "Security Instrument."

**(B) Borrower. JOSEPH GIBBONS AND CATHERINE GIBBONS, HUSBAND AND WIFE** sometimes will be called "Borrower" and sometimes simply "I" or "me."

**(C) Lender. WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES,** will be called "Lender." Lender is a **FEDERAL SAVINGS BANK,** which is organized and exists under the laws of the United States. Lender's address is **1901 Harrison Street, Oakland, CA 94612** .

**(D) Note.** The note signed by Borrower and having the same date as this Security Instrument, including all extensions, renewals, substitutions and modifications thereof, will be called the "Note." The Note shows that I owe Lender the original principal amount of U.S. **$496,000.00** ("Note Amount"), plus accrued and deferred interest and such other amounts as stated in the Note. I have promised to pay the debt in full by **May 7, 2037.**

**(E) Property.** The property that is described below in Section III entitled "Description of the Property" will be called the "Property."

**(F) Sums Secured.** The amounts described below in Section II entitled "Borrower's Transfer of Rights in the Property" sometimes will be called the "Sums Secured."

**(G) Person.** Any person, organization, governmental authority or other party will be called "Person."

JG 

0 0 3
LENDER'S USE ONLY

Bk 22269 Pg70 #41643
06-08-2005 @ 09:19a

# DECLARATION OF HOMESTEAD

KNOW ALL MEN BY THESE PRESENTS that we,
**Catherine Gibbons and Joseph Gibbons**

of **98 Sumner Street, Milton**
County of **Norfolk** and Commonwealth of Massachusetts as a Householder, and having a family and being entitled to an Estate of Homestead in the land and buildings hereinafter described do hereby declare that we own and are possessed and occupy said premises as a residence and homestead under Massachusetts General Laws, Chapter 188 as amended, to wit:

(DESCRIPTION)

A certain parcel of land with the buildings thereon on Sumner Street, in said Milton, Norfolk County, Massachusetts, being shown as Lot 19 on a plan entitled "Temple Garden Estates, Subdivision of Land, Sumner Street Ext., Milton, Mass.," by L.W. DeCelle Surveyors Inc., dated August 13, 1958, and recorded with Norfolk Registry of Deeds as Plan No. 874 of 1959, in Plan Book 207, and more particularly bounded and described as follows:

**SOUTHWESTERLY:** by Sumner Street, 120 feet;

**SOUTHEASTERLY:** by Lot 20, on said plan, 171.16 feet;

**NORTHEASTERLY:** by land now or formerly of Parkway Development Company, 120.01 feet; and

**NORTHWESTERLY:** by Lot 18, on said plan, 169.83 feet.

Containing 20,384 square feet of land, according to said plan.

Said premises are conveyed subject to easements for water pipes in street, recorded with said Deeds, Book 4053, Page 324, sewer and drain pipes in street, recorded in Book 4056, Page 118 and street taking recorded in Book 4060, Page 342.

For title reference see deed dated August 2nd, 1989, recorded in said Deeds, Book 8389, Page 729.

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
WILLIAM P. O'DONNELL, REGISTER

WITNESS our hands and seals this **4th** day of **April** , **2005** .

Witness _______________ Catherine Gibbons (Seal)

Witness _______________ Joseph Gibbons (Seal)

Commonwealth of **Massachusetts**
County of **Norfolk** ss. **April 04th, 2005**

Then personally appeared the above named
**Catherine Gibbons and Joseph Gibbons and proved through satisfactory evidence of identification, which were** Mass. Drivers License **, to be the persons whose names are subscribed to the within instrument**
and acknowledged the foregoing instrument to be their free act and deed before me.

Return to:
Law Offices of
Mendoza & Associates
450 Washington Street
Dedham, MA 02026

Gabriela Mendoza, Esq.
Notary Public
My commission expires 07/08/05

RPCL191

Laser Generated by © Display Systems, Inc., 2000 (863) 763-5555 Form MAAFF-8

Mendoza&As.

# EXECUTION
ON MONEY JUDGMENT

DOCKET NUMBER
200955SU000060

Trial Court of Massachusetts
District Court Department
Summary Process Session

CASE NAME ORCHARD HILL OFFICE PARK, L L C vs. CATHERINE GIBBONS

JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED
P01 ORCHARD HILL OFFICE PARK, L L C

CURRENT COURT
Stoughton District Court
1288 Central St.
Stoughton, MA 02072-4419
(781) 344-2131

JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION
P01 MICHAEL A. POULOS
ATTORNEY AT LAW
15 COURT SQUARE
SUITE 240
BOSTON, MA 02108

FURTHER ORDERS OF THE COURT

Bk 28608 Pg567 #17721
02-17-2011 @ 12:04p

JUDGMENT DEBTOR AGAINST WHOM EXECUTION IS ISSUED
D01 CATHERINE GIBBONS
98 SUMNER STREET
MILTON, MA 02186

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

CERTIFY
[signature]
WILLIAM P. O'DONNELL, REGISTER

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---|
| 1. Judgment Total | $14,580.15 |
| 2. Date Judgment Entered | 04/10/2009 |
| 3. Date Execution Issued | 04/28/2009 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 18 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $86.28 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| 9. **EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | $14,666.43 |
| LEVYING OFFICER: (a) Add daily interest from date execution issued. | |
| (b) Add your fees as provided by law: | |

A TRUE COPY, ATTEST:
[signature]
DEPUTY SHERIFF
DATE 2/17/11

LS

| TESTE OF FIRST JUSTICE | DATE EXECUTION ISSUED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|---|
| WITNESS: Hon. Francis T. Crimmins, Jr. | 04/28/2009 | X [signature] |

Date/Time Printed: 04/28/2009 08:20 AM

FORM NO.





Bk 28608 Pg 568 #17721

Michael G. Bellotti
*Sheriff*

*The Commonwealth of Massachusetts*
*County of Norfolk*

**SHERIFF'S DEPARTMENT**
**Division of Civil Process**

2015 Washington Street
P.O. Box 859215
Braintree, MA 02185-9215
Tel. (781) 326-1787 • Fax (781) 326-0288

Jeffrey J. Nourse
*Deputy Superintendent*

Date: 2/17/2011 Time: 8:31AM
Plaintiff: Orchard Hill Office Park, LLC
Plaintiff's Attorney: Michael A. Poulos, Attorney at Law
Attorney's telephone number: (617)956-0900
Defendant: **Catherine Gibbons**
**Book: 8389 Page: 729**

Court of Issue: STOUGHTON (DISTRICT) Execution # 200955SU000060

A certain parcel of land with the buildings thereon on Sumner Street, in said Milton, Norfolk County, Massachusetts, being shown as Lot 19 on a plan entitled "Temple Garden Estates, Subdivision of Land, Sumner Street Ext., Milton, Mass.," by L.W. DeCelle Surveyors, Inc., dated August 13, 1958, and recorded with Norfolk Registry of Deeds as Plan No. 874 of 1959, in Plan Book 207, and more particularly bounded and described as follows:

SOUTHWESTERLY by Sumner Street, 120 feet;

SOUTHEASTERLY by Lot 20, on said plan, 171.16 feet;

NORTHEASTERLY by land now or formerly of Parkway Development Company, 120.01 feet; and

NORTHWESTERLY by Lot 18, on said plan, 169.83 feet.

Containing 20,384 square feet of land, according to said plan.

By virtue of the attached execution, the original of which is in my hands for the purpose of taking the above described real estate, I have this day levied upon, seized and taken all right, title and interest that the within named Judgment Debtor had in such real estate in Norfolk County.
Attached is a true copy of this execution on the above so much of my return as relates to the levying upon, seizure, and taking of this real estate on the execution.

[signature]
Deputy Sheriff
Jacket: 11003168

**Visit us at www.norfolkcivil.com**

SERVING THE COMMUNITIES OF: AVON, BELLINGHAM, BRAINTREE, BROOKLINE, CANTON, COHASSET, DEDHAM, DOVER, FOXBOROUGH, FRANKLIN, HOLBROOK, MEDFIELD, MEDWAY, MILLIS, MILTON, NEEDHAM, NORFOLK, NORWOOD, PLAINVILLE, QUINCY, RANDOLPH, SHARON, STOUGHTON, WALPOLE, WELLESLEY, WESTWOOD, WEYMOUTH, WRENTHAM

Printed on Recycled Paper

**EXHIBIT 3**

**TABLE FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f)**

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| **Information Regarding Judicial Lien or Security Interest** | | |
|---|---|---|
| Name of Debtor(s):* | Catherine Gibbons | |
| Name of Creditor: | Capitol One | |
| Collateral: 98 Sumner Street, Milton MA | | |
| Lien Identification:** (Such as judgment date, date of lien recording, book and page number.) | Norfolk County R/D Book 27577, Page 127 | |

| **Calculation of Lien Avoidance** | |
|---|---|
| (a) Amount of lien: | **$ 2,757.44** |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | **$ 468,742.84** |
| (c) Value of claimed exemptions: | **$ 500,000.00** |
| (d) Total (a), (b), and (c): | **$ 971,500.28** |
| (e) Value of interest in property of the Debtor(s):*** | **$ 130,257.16** |
| (f) Subtract (e) from line (d): Extent of exemption impairment: (*Check applicable box below*) | **$ 841,243.12** |
| ☑ The entire lien is avoided as (f) is equal to or greater than (a). The entire lien is avoided.). *(Do not complete the next section.)* | |
| ☐ A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*) | |

| **Treatment of Remaining Secured Claim** | |
|---|---|
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | $ |
| Interest Rate (if applicable): | % |

| Monthly payment on secured claim | $ | |
|---|---|---|
| Estimated total payment on secured claim | $ | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | ☐ Individual Debtor | ☐ Joint Debtors |
| | Name: | |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): | | |

**EXHIBIT 4**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re: Catherine Gibbons

Case No. 17-10067

Chapter 13

Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION***

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of Capitol One Bank, N.A. [name of creditor] pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of Capitol One Bank, N.A. [name of creditor] recorded on March 30, 2010 [date] at Norfolk County Registry of Deeds [registry or recording authority, as applicable] at Book 27557, Page 127 [book, page, certificate number, or filing number reference] impairs the Debtor(s)' exemption in 98 Sumner Street, Milton, MA [address of property or other description] (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

By the Court,

_______________________________________
United States Bankruptcy Judge

**This Exhibit may be modified to address each lien listed in Table*

# EXECUTION

DOCKET NUMBER
200956CV004071

Trial Court of Massachusetts
District Court Department

CASE NAME CAPITAL ONE BANK (USA) NA vs. CATHERINE GIBBONS

194745

JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED
P01 CAPITAL ONE BANK (USA) NA

LS

CURRENT COURT
Quincy District Court
1 Dennis Ryan Parkway
Quincy, MA 02169-5348
(617) 471-1650

JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION
P01 GARY HOWARD KREPPEL
LAW OFFICE OF GARY H. KREPPEL, P.C.
1661 WORCESTER ROAD
SUITE 401
FRAMINGHAM, MA 01701

FURTHER ORDERS OF THE COURT

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
William P. O'Donnell
WILLIAM P. O'DONNELL, REGISTER

Bk 27557 Pg127 #28579
03-30-2010 @ 12:56p

JUDGMENT DEBTOR AGAINST WHOM EXECUTION IS ISSUED
D01 CATHERINE GIBBONS
98 SUMNER STREET
MILTON, MA 02186

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---|
| 1. Judgment Total | $2,747.50 |
| 2. Date Judgment Entered | 03/08/2010 |
| 3. Date Execution Issued | 03/19/2010 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 11 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $9.94 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| 9. **EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | $2,757.44 |
| LEVYING OFFICER: (a) Add daily interest from date execution issued. | |
| (b) Add your fees as provided by law: | |

A TRUE COPY, ATTEST:
[signature]
DEPUTY SHERIFF
DATE 3/30/10

| TESTE OF FIRST JUSTICE | DATE EXECUTION ISSUED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|---|
| **WITNESS:** Hon. Mark S. Coven | 03/19/2010 | X [signature] |

Date/Time Printed: 03/19/2010 09:09 AM

FORM NO. 2

Bk 27557 Pg 128 #28579

NORFOLK
SHERIFF
COUNTY

*The Commonwealth of Massachusetts*
*County of Norfolk*

**SHERIFF'S DEPARTMENT**
**Division of Civil Process**

**Michael G. Bellotti**
*Sheriff*

2015 Washington Street
P.O. Box 859215
Braintree, MA 02185-9215
Tel. (781) 326-1787 • Fax (781) 326-0288

**Jeffrey J. Nourse**
*Deputy Superintendent*

Date: 3/30/2010 Time: 8:34AM
Plaintiff: Capital One Bank (USA)NA
Plaintiff's Attorney: Gary H. Kreppel Esq
Attorney's telephone number: (508)820-1150
Defendant: **Catherine Gibbons**
**Book: 8389 Page: 729**

Court of Issue: QUINCY (DISTRICT) Execution # 200956CV004071

A certain parcel of land with the buildings thereon on Sumner Street, in said Milton, Norfolk County, Massachusetts, being shown as Lot 19 on a plan entitled "Temple Garden Estates, Subdivision of Land, Sumner Street Ext., Milton, Mass.," by L.W. DeCelle Surveyors Inc., dated August 13, 1958, and recorded with Norfolk Registry of Deeds as Plan No. 874 of 1959, in Plan Book 207, and more particularly bounded and described as follows:

SOUTHWESTERLY by Sumner Street, 120 feet;

SOUTHEASTERLY by Lot 20, on said plan, 171. 16 feet;

NORTHEASTERLY by land now or formerly of Parkway Development Company, 120.01 feet; and

NORTHWESTERLY by Lot 18, on said plan, 169.83 feet.

Containing 20,384 square feet of land, according to said plan.

By virtue of the attached execution, the original of which is in my hands for the purpose of taking the above described real estate, I have this day levied upon, seized and taken all right, title and interest that the within named Judgment Debtor had in such real estate in Norfolk County.
Attached is a true copy of this execution on the above so much of my return as relates to the levying upon, seizure, and taking of this real estate on the execution.

Deputy Sheriff
Jacket: 10007872

**Visit us at www.norfolkcivil.com**

SERVING THE COMMUNITIES OF: AVON, BELLINGHAM, BRAINTREE, BROOKLINE, CANTON, COHASSET, DEDHAM, DOVER, FOXBOROUGH, FRANKLIN, HOLBROOK, MEDFIELD, MEDWAY, MILLIS, MILTON, NEEDHAM, NORFOLK, NORWOOD, PLAINVILLE, QUINCY, RANDOLPH, SHARON, STOUGHTON, WALPOLE, WELLESLEY, WESTWOOD, WEYMOUTH, WRENTHAM

PRINTED ON RECYCLED PAPER

*OLF3B (Official Local Form 3B)*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: Catherine Gibbons

Case No. 17-10067
Chapter 13

Debtor(s)

## Instructions:

**This form must be used if in the Plan the debtor(s) requests:**

**(1) to limit, modify, or determine the value of a secured claim (the debtor(s) checked the box "Included" in Part 1, Line 1.1); and/or**
**(2) to avoid a lien or security interest (the debtor(s) checked the box "Included" in Part 1, Line 1.2 ).**

**Service must be made pursuant to Fed. R. Bankr. P. 7004. Please note, service made by personal service, by residence service, or pursuant state law must be made by a person at least 18 years of age who is not a party to this proceeding. Attach hereto a list of the parties served indicating for each which of the types of service were utilized.**

## AFFIDAVIT OF SERVICE OF CHAPTER 13 PLAN

I, Elton Watkins III (name), certify that service of a copy of this Plan was made on the creditors and in the manner set forth in the attached list on___06/19/2018__________ (date).

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and was at all times during the service of a copy of this Plan, not less than 18 years of age and not a party to the matter concerning which service was made.

I declare that the foregoing is true and correct under penalty of perjury.

Dated: 06/19/2018

_ Signature
Print name: Elton Watkins III
BBO Number (if applicable): 517400
Firm name (if applicable):
Address: 13040 Amberley Ct Unit 512 Bonita Springs, FL 34135
Telephone: 978-500-9659
Email Address: watkinslaw@comcast.net

*OLF3A (Official Local Form 3A)*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: Catherine Gibbons

Case No. 17-10067
Chapter 13

Debtor(s)

## Instructions to Debtor(s):

*A.* Pursuant to MLBR, Appendix 1, Rule 13-4(b), the Debtor(s) or Debtor(s)'s attorney shall cause a copy of the Plan to be served by first class mail or other permitted means upon the Chapter 13 trustee, all creditors of the debtor, all attorneys who have filed a notice of appearance and request service of all pleadings, and other parties in interest (collectively referred to as the "recipients") using this form, Official Local Form 3A ("OLF 3A"). You must list each recipient's name and mailing address in the Certificate of Service. Do not include account numbers or any personal identifier. See Fed. R. Bankr. P. 9037.

***B.*** **If in the Plan you request:**

**(1) to limit, modify, or determine the amount of a secured claim (you checked the box "Included" in Part 1, Line 1.1); and/or**

**(2) to avoid a judicial lien or nonpossessory, nonpurchase-money security interest (you checked the box "Included" in Part 1, Line 1.2 ),**

**you must, in addition to serving the Plan as set forth above in Section A and using OLF 3A, *ALSO* serve a copy of this Plan on the holder(s) of the affected claim(s) and any other entity the Court designates in the manner provided for service in accordance with Fed. R. Bankr. P. 7004, using the Affidavit of Service of Chapter 13 Plan, Official Local Form 3B ("OLF 3B").**

*C.* If serving creditors only under Section A, file only OLF 3A with the Court after service is made. If serving creditors also under Section B, you must file both OLF 3A and OLF 3B with the Court after service is made.

## CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I/We hereby certify that on 6/19/2018 (date) and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail a copy of this Plan to the on the parties on the attached list.

By the Debtor(s):

Signature of Debtor(s)/attorney for Debtor(s) Print name Elton Watkins III
BBO Number (if applicable): 517400
Firm name (if applicable):
Address:m13040 Amberley Ct Unit 512
Bonita Springs, FL 34135
Telephone: 978-500-9659
Email Address: watkinslaw@comcast.net

**SERVICE LIST UNDER FORM 3A**

Barclays Bank Delaware
Po Box 8803
Wilmington, DE 19899

Bk Of Amer
Po Box 982238
El Paso, TX 79998

Ccs/first Savings Bank
500 East 60th St North
Sioux Falls, SD 57104

Comenity Bank
Po Box 182789
Columbus, OH 43218

Credit One Bank Na
Po Box 98875
Las Vegas, NV 89193

Domingo McKinney
38 Hanover Street
Apt. 2
Lynn, MA 01902

First Premier Bank
3820 N Louise Ave
Sioux Falls, SD 57107

Ishmael Roach
253 East Ashland Street
Brockton, MA 02302

Mabt/contfin
121 Continental Dr Ste 1
Newark, DE 19713

Mass. Department of Revenue
Collections Bureau
100 Cambridge Street
7th Floor
Boston, MA 02114

Mohela/dept Of Ed
633 Spirit Dr
Chesterfield, MO 63005

Octavia Collins
130 Gallivan Boulevard
Boston, MA 02124

Sheryl R. Furnari, Esq.
Baystate Law Group
1629 Central Street
Suite 1
Stoughton, MA 02072

Syncb/amazon
Po Box 965015
Orlando, FL 32896

Syncb/care Credit
C/o Po Box 965036
Orlando, FL 32896

Usaa Savings Bank
Po Box 47504
San Antonio, TX 78265

Wells Fargo Home Mortgage
7495 New Horizon Way
Frederick, MD 21703

**SERVICE LIST UNDER FORM 3B**

In accord with FRBP Rule 7004 (h):

By Certified Mail to:

Richard D Fairbanks
President and CEO
Capitol One Bank
1680 Capitol One Drive
McLean, VA 22102

Timothy J. Sloan CEO
Wells Fargo Bank
420 Montgomery Street
San Francisco, CA 94104

As successor-in-interest to Wells Fargo Dealer Services, Inc., pursuant to an Agreement and Plan of Merger, dated June 30, 2011, and filed with the California Secretary of State

In accord with FRBP 7004 (b)(3)

By First Class Mail to:

Carol R. Ciffolillo
Orchard Hill Office Park LLC
354 Turnpike Street
Suite 201
Canton, MA 02021

An individual authorized in Massachusetts as a registered agent for the LLC

Orchard Hill Office Park LLC
140 Westchester Drive
Canton, MA 02021

Tatyana P. Tabachnik, Esq.
Orlans Moran PLLC
411 Waverley Oaks Road
Waltham, MA 02452

As attorney for Wells Fargo Bank who has filed
an appearance